United States District Court
District of Massachusetts

| | |
|---|---|
| Cheryl Payne-Joseph,<br><br>    Plaintiff,<br><br>    v.<br><br>Rocket Mortgage, LLC, et al.,<br><br>    Defendant. | Civil Action No.<br>25-11206-NMG |

MEMORANDUM & ORDER

GORTON, J.

    This case arises from the alleged misconduct of defendants Rocket Mortgage, LLC, Quicken Loans, LLC, Quicken Loans, LP and Selene Finance LP (collectively, "defendants") in executing a statutory power of sale on a property located at 165 Christina Street in Newton, Massachusetts ("the Property"). The Property is owned by pro se plaintiff, Cheryl Payne-Joseph ("Payne-Joseph" or "plaintiff"), who alleges that, inter alia, defendants forged her signature on mortgage transfer documents and improperly solicited third parties to purchase the Property without her consent.

    Payne-Joseph filed a motion for temporary restraining order and preliminary injunction in the Massachusetts Land Court Department of the Trial Court. After defendants timely removed

-1-

the case to this Court, she filed a series of motions seeking emergency relief and expedited review of her case. Defendants thereafter moved to dismiss the action in its entirety.

I. **Background**

Payne-Joseph filed her original complaint in Massachusetts Land Court in April, 2025. That pleading, which included several emergency motions, alleges that:

1) the deed or title to the property was never properly delivered to Payne-Joseph;

2) her mortgage payments are being held in the form of performance bonds, an arrangement to which plaintiff did not consent;

3) she was denied her right to explore alternative solutions to foreclosure, as protected under the Home Affordable Modification Program, Americans with Disabilities Act and the Fair Lending Act;

4) defendants did not comply with their obligations under the Debt Settlement Agreement to provide proof of the debt, verification of the claim and a signed copy of the binding contract;

5) Rocket Mortgage fraudulently transferred the mortgage to Selene Finance, LP without Payne-Joseph's consent and forged her signature on the related documents;

    6) defendants petition for foreclosure under a statutory power of sale document that was not signed by plaintiff; and

    7) defendants have failed to validate her debt properly.

Payne-Joseph provides sparse factual allegations to support her claims.

In May, 2025, defendants filed a Notice of Removal to this Court based on federal question jurisdiction over plaintiff's claims pursuant to the Federal Debt Collection Procedures Act, 15 U.S.C. §1692, and the Identity Theft and Assumption Deterrence Act, 18 U.S.C. §1028. Several days later, plaintiff filed motions 1) for a temporary restraining order and preliminary injunction, 2) for a protective order, 3) to "Preemptively Oppose Defense Tactics and to Enforce Emergency Relief," 4) for an expedited trial and hearing and 5) to waive filing fees. Several weeks later, Defendants filed oppositions to the plaintiff's motions as well as its own motion to dismiss.

## II. Discussion

Any civil action brought in state court, over which federal courts have original jurisdiction, may be removed to federal District Court by defendants pursuant to 28 U.S.C. §§1441 and 1446. The District Court must consider the issue of subject-matter jurisdiction regardless of whether the issue has been raised, or is stipulated to, by the parties. Am. Policyholders

Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258-59 (1st Cir. 1993). The Court may not exercise subject-matter jurisdiction in the absence of constitutional standing. United Seniors Ass'n, Inc. v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007). If the Court finds that the plaintiff in a removed action lacks standing, it must remand the case to state court. Plazzi v. FedEx Ground Package Sys., Inc., 52 F.4th 1, 7 (1st Cir. 2022); 28 U.S.C. §1447.

Constitutional standing under Article III of the United States Constitution restricts federal courts to reviewing only cases and controversies. U.S. Const. art. III, § 2, cl. 1. Standing requires a cognizable injury that is concrete and particularized. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Where injury and cause are not obvious, the plaintiff must plead that injury with specificity. Adams v. Watson, 10 F.3d 915, 922 (1st Cir. 1993). The harm must be actual or imminent rather than merely speculative. Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012).

In the present case, the plaintiff's complaint does not allege any specific or particularized harm. Payne-Jospeh alleges that she has

> suffered serious harm, including damage to her credit, emotional distress and the unauthorized use of her personal information, [that her property is] threatened by [the] illegal foreclosure actions [and that exposure

> of the actions has led to] identity theft and
> the potential solicitation of the Plaintiff's
> property by third parties without her consent.

Without factual allegations to support the existence of such injuries, it cannot be shown how they were caused by defendant's actions and are not pled with the required specificity. Plaintiff's claims are insufficient to establish an injury that is concrete and particularized as is required by constitutional standing.

Furthermore, any cognizable claims of injury related to a foreclosure sale are not actual or imminent. Plaintiff has not alleged that a foreclosure sale has occurred or is impending, and, indeed, defendants contend that no foreclosure sale has been scheduled. Any perceived harm stemming from a theoretical sale does not meet the imminence requirement and cannot provide a basis for constitutional standing.

## ORDER

For the forgoing reasons the action shall be **REMANDED** to state court for further proceedings.

**So ordered.**

                                                          _/s/ Nathaniel M. Gorton_
                                                          Nathaniel M. Gorton
                                                          Senior United States District Judge

Dated: November 12, 2025